## WOODS v. BRUNSWICK–BALKE–COLLENDER CO.†

(Circuit Court of Appeals, Ninth Circuit. October 9, 1911.)

No. 2,006.

BANKRUPTCY (§ 140*)—PROPERTY PASSING TO TRUSTEE—PROPERTY HELD UNDER CONDITIONAL SALE CONTRACT.

Under Pierce's Code Wash. § 6547, which provides that a memorandum of all conditional sales of personal property "shall be filed in the auditor's office of the county wherein * * * the vendee resides," a petitioner which made and installed café fixtures in the place of business of a corporation in Seattle under a contract reserving title until full payment, which contract was filed in the auditor's office of that county on the day after its execution, was entitled to reclaim the property on the bankruptcy of the corporation, and proof that the purchase price had not been paid, although its petition did not expressly allege that the bankrupt resided in that county, where such fact was shown by the record.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

In the matter of the Luneta Company, bankrupt. On appeal from an order directing the surrender of property by B. T. Woods, Jr., as trustee, to the Brunswick-Balke-Collender Company. Affirmed.

Leopold M. Stern and H. E. Porter, for appellant.
R. S. Jones and James A. Snoddy, for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. This case presents a contest between the seller of certain bar and café fixtures and furniture and the trustee in bankruptcy of the vendee. The appellee was the seller of the property, which, having passed into the hands of the trustee of the estate of the bankrupt vendee, it asked by petition duly presented and filed for the return of the property to it on the alleged ground that the title thereto all the time remained in it, and that the possession of the property passed to the vendee under and by virtue of a valid conditional sale only, the terms of which had not been complied with. Issue upon the petition having been joined, the matter came on for hearing before the referee in bankruptcy, where the case was submitted upon the evidence offered by the petitioner; the trustee having announced that it had none to offer. The referee having thereupon granted the petition and directed the surrender of the property to the petitioner necessarily determined all the material facts in favor of the petitioner. Upon the petition of the trustee for a review of that order by the District Court, the evidence so given came up for the consideration of the court below, which held it amply sufficient to sustain the facts thus necessarily found by the referee. We are of the same opinion.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied November 6, 1911.

The petition alleged that the petitioner on or about September 20, 1910, as a result of negotiations made with one George A. Bundy and others for the use and benefit of the corporation hereinafter mentioned, contracted to "furnish, manufacture, conditionally sell, and install" certain specifically described personal property in the place of business to be thereafter occupied by the Luneta Company, a corporation then in contemplation and process of organization, and later, and prior to December 20th of the same year, further covenanted with that company and the persons "organizing, managing, and controlling" the same to manufacture, conditionally sell, and install certain other specifically described articles in the place of business of the Luneta Company in the basement of the Grand Opera House, in the city of Seattle, King county, Wash.; that by the original and subsequent agreements of the parties mentioned the Luneta Company was to pay the petitioner the aggregate sum of $2,358 for the property, $250 of which were paid in cash and the balance to be paid in one payment on or before January 10, 1911; that, pursuant to the said agreement, the petitioner caused the various articles referred to to be manufactured and to be shipped to and installed in the aforesaid place of business of the said company, completing the delivery and installation thereof on the 20th day of December, 1910, and on that day, pursuant to the agreement, took from the company a conditional contract of sale, wherein and whereby all of the said property was described, the terms of the said sale specified, and wherein it was expressly agreed "that the said goods and chattels shall remain absolutely the property of the Brunswick-Balke-Collender Company until" the purchase price thereof should be fully paid; that within 10 days after December 20, 1910, the petitioner caused "a copy of such conditional sale contract to be filed for record in the office of the county auditor of King county, Wash., the county in which said property is located; that the said vendee did not make the payment contracted for in said contract, nor any part thereof, but was thereafter adjudged a bankrupt in this proceeding."

The effect of the testimony given on behalf of the petitioner, which, as has been said, was the only evidence introduced before the referee, was that the agreements alleged were made, that the articles stipulated for were furnished, delivered, and installed in the aforesaid place of business of the Luneta Company, such delivery and installation being completed on the 20th day of December, 1910, on which day the conditional contract of sale agreed upon was executed by the Luneta Company, and on the next day, to wit, December 21, 1910, was filed in the office of the auditor of King county. The evidence further shows that no part of the purchase money remaining due was paid or tendered either by the bankrupt or any one else.

The provision of the statute of the state of Washington (Pierce's Code, § 6547) applicable to the case reads as follows:

"All conditional sales of personal property * * * shall be filed in the auditor's office of the county wherein, at the date of the vendee's taking possession of the property, the vendee resides."

The petition alleged that the contract in question was filed for record in the auditor's office of that county. Its further allegation that the property was also "located" in that county is unimportant. The record of the bankruptcy proceedings, of all of which both the District Court and the referee in bankruptcy, of course, had official notice, as well as the evidence, showed that the place of business of the bankrupt concern was in King county, which must be held to have been its residence. The contract of conditional sale was therefore filed for record in the required county.

The appeal in our opinion is entirely without merit, and the judgment is accordingly affirmed.